UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MILLEDGE A. HART, III, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:18-CV-2178-G |
| TUFENKIAN ARTISAN CARPETS, | ) | |
| d/b/a TUFENKIAN CARPETS DALLAS, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of Milledge Hart, III and Linda Hart (collectively, "the plaintiffs") for leave to file their third amended complaint. *See* Motion for Leave to File Third Amended Complaint to Join Parties and Add Claims ("Motion for Leave") (docket entry 28). For the reasons stated below, the plaintiffs' motion for leave is granted.

## I. BACKGROUND

A full discussion of the factual background of this case may be found in this court's previous memorandum opinion deciding the defendant Tufenkian Artisan Carpet ("Tufenkian")'s motion to dismiss. *See* Memorandum Opinion and Order (docket entry 20). After the court issued this memorandum opinion and order, on

March 26, 2019, the plaintiffs served Tufenkian with requests for production and interrogatories. *See* Motion for Leave at 1-2. Tufenkian submitted its responses to these discovery requests on May 3, 2019. *Id*. at 2.

After reviewing Tufenkian's responses, the plaintiffs aver that they discovered significant evidence showing that Marco French Studio, LLC ("French Studio") and Marco French, who were hired to provide consulting services to the plaintiffs with respect to the plaintiffs' rug purchases, conspired with Tory Sommerfeldt, a Tufenkian employee, and Tufenkian to: (1) double the price of the rugs the plaintiffs eventually purchased; (2) misrepresent the nature of the strike-offs of the rugs that Tufenkian was to supply the plaintiffs; and (3) negotiate a kick-back of nearly $24,000.00 for Marco French. *Id*. The plaintiffs contend that prior to receiving Tufenkian's discovery responses, they had no idea that French and French Studio were working with Sommerfeldt and Tufenkian. *Id*. Therefore, in light of the newly-discovered facts revealed by Tufenkian's discovery responses, on May 17, 2019, the plaintiffs filed their motion for leave to file a third amended complaint, which would join French Studio, French, and Sommerfeldt as defendants and assert new causes of action against them, including "claims for fraud, civil conspiracy, negligent misrepresentation, negligence, gross negligence, breach of contract, promissory estoppel, and an additional claim under the Texas Deceptive Trade Practices Act." *Id*. at 2-3. On June 14, 2019, Tufenkian filed its response. *See* Response to Motion

for Leave (docket entry 31).  Shortly thereafter, on July 3, 2019, the plaintiffs filed their reply.  *See* Reply to Motion for Leave (docket entry 34).  The plaintiffs' motion for leave is now ripe for decision.

## II.  ANALYSIS

### A.  Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that a "court should freely give leave when justice so requires."  In fact, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, . . . the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Additionally, Federal Rule of Civil Procedure 20(a)(2) provides that persons may be joined in one action as defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Furthermore, when tasked with determining whether to permit joinder of non-diverse parties after a case has been removed from state court on based upon diversity jurisdiction, the Fifth Circuit has advised that a district court "should use its discretion" in deciding

whether to permit joinder of a diversity-destroying party. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In particular, the Fifth Circuit has explained that a district court must "balance the equities and decide whether amendment should be permitted" by considering a number of factors such as: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Id*.

## B. Application

Here, having read each parties' arguments, the court concludes that the plaintiffs' motion for leave should be granted. First, the court agrees with the plaintiffs that they are not seeking to join French Studios, French, and Sommerfeldt as parties solely to defeat diversity jurisdiction. *See* Motion for Leave at 5. Tufenkian argues otherwise and contends that the plaintiffs' attempt to join French Studios, French, and Sommerfeldt as parties is purely an attempt to defeat diversity jurisdiction, since the plaintiffs' claims against Tufenkian only arise out of Tufenkian's contract with the plaintiffs to manufacture specific rugs, whereas the plaintiffs' claims against French Studios, French, and Sommerfeldt arise from separate contracts. Response at 1-3. Tufenkian's argument misses the mark, however. Although the plaintiffs' claims against French Studios, French, and

Sommerfeldt are premised on different legal theories than the plaintiffs' claims against Tufenkian, the court, having read the plaintiffs' third amended complaint, *see* Exhibit A to Motion for Leave (docket entry 28-1), agrees with the plaintiffs that all of the plaintiffs' claims arise from the same series of events—the plaintiffs' purchase of rugs from Tufenkian. As such, the court further agrees with the plaintiffs that their purpose in seeking leave to join French Studios, French, and Sommerfeldt as parties "is the efficient resolution of their claims against all wrongdoers and to avoid piecemeal or parallel litigation." Motion for Leave at 5. Moreover, because at this juncture the court is assured by the plaintiffs' briefing that their causes of action against French Studios, French, and Sommerfeldt are viable under the applicable law, the court holds that this factor favors the plaintiffs. See *Arrington v. Jackson National Life Insurance Company*, No. 3:17-CV-0472-S, 2018 WL 5298388, at *3 (N.D. Tex. Oct 25, 2018) (Scholer, J.). ("Where the plaintiff has a valid cause of action against the non-diverse defendant, courts have found that the principal purpose of the amendment was not to defeat federal jurisdiction.") (quotations omitted).

As to the second factor, whether the plaintiffs were dilatory in filing for leave to join French Studios, French, and Sommerfeldt, the court also concludes that this factor weighs in favor of the plaintiffs. Despite Tufenkian's arguments otherwise, the court concludes that the plaintiffs were not dilatory in seeking leave. Here, the plaintiffs filed their motion for leave a mere fourteen days after receiving the

discovery responses from Tufenkian that contained the new facts which served as the basis for the plaintiffs' claims against French Studios, French, and Sommerfeldt. *Id.* Courts have found that amending to join parties in light of newly-discovered factors is not dilatory. See *Arrington*, 3018 WL 5298388 at *4. Furthermore, since no significant activity beyond the pleading stage has occurred in this case, the court concludes that the plaintiffs are not being dilatory by trying to amend their complaint. See *Ogunro v. Allstate Vehicle & Property Insurance Co.*, No. 3:18-CV-1784-B, 2019 WL 111213 at *3 (N.D. Tex. Jan 4, 2019) (Boyle, J.) ("Normally, courts find that a plaintiff is not dilatory in seeking to amend a complaint when no trial or pretrial dates are scheduled and no significant activity beyond the pleading stage has occurred.") (quoting *Martinez v. Holzknecht*, 701 F. Supp.2d 866, 891 (S.D. Tex. 2010)).

With respect to the third factor—whether the plaintiff will be significantly injured if amendment is not allowed— the court concludes that this factor weighs in the plaintiffs' favor. Here, because the court believes that the same factual questions underlie the plaintiffs' claims against Tufenkian, French Studio, French, and Sommerfeldt, the court agrees with the plaintiffs that if these parties are not joined the plaintiffs will be forced to begin unnecessary parallel litigation, which is not only expensive but judicially inefficient. See *AMX Environmental Evolution, Limited v. Carroll Fulmer Logistics Corp.*, No. 3:08-CV-0908-G, 2009 WL 972994, at *4 (N.D.

Tex. Apr. 9, 2009) (Fish, Senior J.) ("Requiring a plaintiff to pursue parallel federal and state court actions is generally disfavored since separate proceedings create judicial inefficiency and increase the possibility of conflicting outcomes."). Furthermore, Tufenkian has not convinced the court that it will suffer any serious prejudice if French Studio, French, and Sommerfeldt are joined. Rather, Tufenkian has argued that it will suffer prejudice as a result of a delay, since the case will be remanded to state court. Tufenkian's argument is speculative at best, however. Tufenkian fails to provide the court with any factual explanation as to why remanding the action to state court would result in delay. *See* Response at 2.

Finally, although Tufenkian does not specify that this bears on the equity of this case in line with the fourth factor specified in *Hensgens*, Tufenkian claims that the plaintiffs' future claims for fraud and negligent misrepresentation against Tufenkian do not satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b). Response to Motion for Leave at 4. The court declines to address this argument at this time. The plaintiffs have not yet filed their third amended complaint and thus the court concludes it is inappropriate at this juncture to rule on whether the plaintiffs' future claims for fraud and negligent misrepresentation satisfy the procedural requirements of Rule 9(b). If Tufenkian wishes to make this argument, the court suggests that it does so in a renewed 12(b)(6) motion after the plaintiffs file their third amended complaint.

## III. CONCLUSION

For the reasons stated above, the plaintiffs' motion for leave is **GRANTED**.

Accordingly, the plaintiffs shall electronically file their third amended complaint no later than **August 26, 2019**.

**SO ORDERED.**

August 22, 2019.

_A. Joe Fish_
_____
**A. JOE FISH**
**Senior United States District Judge**